**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6316

DARRELL J. WILLIAMS,

Petitioner - Appellant,

v.

CECILIA REYNOLDS, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Cameron McGowan Currie, Senior District Judge. (2:16-cv-02835-CMC)

Submitted: August 30, 2018                                    Decided: October 19, 2018

Before GREGORY, Chief Judge, NIEMEYER and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Darrell J. Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell J. Williams seeks to appeal the district court's orders accepting the recommendation of the magistrate judge, denying relief on his 28 U.S.C. § 2254 (2012) petition, and denying his Fed. R. Civ. P. 60(b) motion. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Williams has not made the requisite showing. The district court lacked jurisdiction to deny Williams' Rule 60(b) motion on the merits because the claims he raised challenged the validity of his state conviction, and thus the motion should have been construed as a successive 28 U.S.C. § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district

court lacked jurisdiction to entertain Williams' successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*